IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY MARYLAND

STEPHANIE MANZANARES )

13516 GREENCASTLE RIDGE TERRACE, )

APT. 403 )

BURTONSVILLE, MD 20866 )

**ATTORNEY:** )

JASON SHAFER )

230 N. WASHINGTON ST.

SUITE 200

ROCKVILLE, MD 20850,

       Plaintiff,

  vs.

PRUDENT MEDICAL ASSOCIATES LLC

2917 MARLOW ROAD

SILVER SPRING, MD 20904

**RESIDENT AGENT:**

DEBORAH OKONOFUA

7100 BALTIMORE AVE

COLLEGE PARK, MD 20740,

      Defendant

Case No.:

COMPLAINT

INTRODUCTION

1. Stephanie Manzanares, Plaintiff, by and through her undersigned counsel, hereby sues Prudent Medical Associates LLC for violations of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-2(a), 42 U.S.C. §1981, Md. State Government Article §20-602, and Montgomery County Code §27-19. Defendant hired Mrs. Manzanares in March of 2019. Mrs. Manzanares performed her duties and worked hard at her new job. A couple of weeks later Mrs. Manzanares's former employer, who had made openly racist statements to multiple employees on multiple occasions, contacted the Defendant and told Defendant that Mrs. Manzanares was

COMPLAINT - 1

participating in an EEOC investigation into her former employer. Defendant immediately decided to terminate Mrs. Manzanares in retaliation for engaging in the EEOC process.

## PARTIES

2. Plaintiff, Stephanie Manzanares, is a citizen of the United States, is of hispanic descent and national origin, and is a resident of Montgomery County, Maryland. At all relevant times, Plaintiff was an employee of Defendant.

3. Defendant, Prudent Medical Associates LLC, ("Prudent") is a medical services provider in the State of Maryland. Prudent engages in substantial interstate commerce. Prudent is located in Montgomery County, Maryland. Defendant employed Plaintiff at all relevant times. Defendant is a Maryland corporation.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to Montgomery County Code § 27-9, Md. Code Ann., Cts. & Jud. Proc. § 4-402d, Md. Code Ann., and Cts. & Jud. Proc. § 1-501.

5. Plaintiff has been subject to discrimination under Montgomery County Code § 27-19.

6. Venue is proper in the Circuit Court for Montgomery County pursuant to Montgomery County Code § 27-19 and Md. Code Ann., Cts. & Jud. Proc. § 6-201 because Defendant maintains a principal office in Maryland and engages in substantial business in Montgomery County, Maryland.

## STATEMENT OF CLAIM

7. Stephanie Manzanares began working for Prudent Medical Associates on or about March 4, 2019. She enthusiastically undertook her new position after having suffered a toxic atmosphere under her previous employer.

8. Manzanares worked directly with Dr. Okonofua at Prudent, who is a supervisor, doctor, and resident agent for the company.

9. Manzanares previously worked at the now defunct medical services corporation Quality First Urgent Care under the Director and supervisor Syma Rizvi. Rizvi made numerous

blatantly racist remarks and disparately treated employees of color, which prompted a number of employees to file complaints, including Manzanares based on race and national origin.

10. Rizvi harbored animosity toward Manzanares for complaining about discrimination and for filing a complaint with the EEOC based on race and national origin discrimination and sought to undermine her employment.

11. Rizvi called Okonofua and told her that Manzanares had filed an EEOC complaint against Quality First claiming discrimination based on race and national origin and that Okonofua should fire her on that basis.

12. While Manzanares's employment initially went well, with no complaints or formal discipline, Okonofua abruptly decided to terminate Manzanares. Okonofua told Manzanares that she was being fired because they (Prudent via Okonofua) did not want friends working together. This was an irrational pretext. Manzanares was terminated on March 25, 2019.

13. Manzanares was distraught after having been hired and fired so abruptly and demanded an answer beyond the obviously false reason given. Okonofua divulged that Manzanares's previous employer had contacted her and told her what had happened.

16. Manzanares had her income damaged and suffered other damages as a result of the retaliation and termination. These included trepidation regarding working in the geographic area and in the industry for which she was trained.

17. Okonofua directly engaged in the retaliatory behavior and the termination of Manzanares.

18. As a result of the treatment and termination, Plaintiff has suffered damages. Manzanares suffered economic damages in lost opportunities as well as noneconomic damages in being subjected to retaliation. The conduct of Prudent and Okonofua was willful and malicious, as an attempt to stifle the legitimate processes of the EEOC, and undermine an employee seeking redress for discrimination.

COUNT I

Retaliation

Title VII of the Civil Rights Act of 1964, as amended

42 U.S.C. § 2000e-2(a)

19. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18 of this Complaint with the same force and effect as if set forth herein.

20. Plaintiff engaged in protected activity when she complained about discriminatory statements and treatment on multiple occasions.

21. Plaintiff engaged in protected activity when she filed a complaint with the EEOC.

22. Plaintiff engaged in protected activity when she engaged in the EEOC process.

23. Defendant was aware of the protected activity of complaining about discriminatory comments made by Defendant.

24. Defendant was aware of the protected activity of filing a complaint with the EEOC and otherwise participating in the EEOC process.

25. Defendant retaliated against Plaintiff for engaging in the protected activity of complaining about discriminatory treatment.

26. Defendant retaliated against Plaintiff for engaging in the protected activity of filing a complaint with the EEOC and participating in the EEOC process.

27. As a direct, legal and proximate result of the retaliation, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

COUNT II

Retaliation

42 U.S.C. §1981

28. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 27 of this Complaint with the same force and effect as if set forth herein.

29. Plaintiff engaged in protected activity when she complained about discriminatory statements and treatment on multiple occasions.

30. Plaintiff engaged in protected activity when she filed a complaint with the EEOC.

31. Plaintiff engaged in protected activity when she engaged in the EEOC process.

32. Defendant was aware of the protected activity of complaining about discriminatory comments made by Defendant.

33. Defendant was aware of the protected activity of filing a complaint with the EEOC and otherwise participating in the EEOC process.

34. Defendant retaliated against Plaintiff for engaging in the protected activity of complaining about discriminatory treatment.

35. Defendant retaliated against Plaintiff for engaging in the protected activity of filing a complaint with the EEOC and participating in the EEOC process.

36. As a direct, legal and proximate result of the retaliation, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

## COUNT III

### Retaliation

### Md. State Government Article §20-602

37. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 36 of this Complaint with the same force and effect as if set forth herein.

38. Plaintiff engaged in protected activity when she complained about discriminatory statements and treatment on multiple occasions.

39. Plaintiff engaged in protected activity when she filed a complaint with the EEOC.

40. Plaintiff engaged in protected activity when she engaged in the EEOC process.

41. Defendant was aware of the protected activity of complaining about discriminatory comments made by Defendant.

42. Defendant was aware of the protected activity of filing a complaint with the EEOC and otherwise participating in the EEOC process.

43. Defendant retaliated against Plaintiff for engaging in the protected activity of complaining about discriminatory treatment.

44. Defendant retaliated against Plaintiff for engaging in the protected activity of filing a complaint with the EEOC and participating in the EEOC process.

45. As a direct, legal and proximate result of the retaliation, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

COUNT IV

Retaliation

Montgomery County Code §27-19

46. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 45 of this Complaint with the same force and effect as if set forth herein.

47. Plaintiff engaged in protected activity when she complained about discriminatory statements and treatment on multiple occasions.

48. Plaintiff engaged in protected activity when she filed a complaint with the EEOC.

49. Plaintiff engaged in protected activity when she engaged in the EEOC process.

50. Defendant was aware of the protected activity of complaining about discriminatory comments made by Defendant.

51. Defendant was aware of the protected activity of filing a complaint with the EEOC and otherwise participating in the EEOC process.

52. Defendant retaliated against Plaintiff for engaging in the protected activity of complaining about discriminatory treatment.

53. Defendant retaliated against Plaintiff for engaging in the protected activity of filing a complaint with the EEOC and participating in the EEOC process.

54. As a direct, legal and proximate result of the retaliation, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

PRAYER FOR RELIEF

Wherefore, Plaintiff, Manzanares, prays this Honorable Court for Judgment against the Defendants, Syma Rizvi, in the amount of economic damages, compensatory damages, and punitive damages to be determined at trial, attorneys' fees, costs of this action, and/or injunctive relief, and any other relief this Honorable Court deems just and proper to award.

JURY DEMAND

Plaintiff demands a jury for all issues proper to be so tried.

Respectfully submitted,

Dated this 24th day of March, 2021

Jason Shafer, Esq.
Shafer Associates, LLC
230 N. Washington St.
Suite 200
Rockville, MD 20850