```
        IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MARYLAND
```

|                              |   |                              |
|------------------------------|---|------------------------------|
| STEPHANIE MANZANARES         | : |                              |
|                              | : |                              |
| v.                           | : | Civil Action No. DKC 21-2241 |
|                              | : |                              |
| PRUDENT MEDICAL ASSOCIATES, LLC | : |                           |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment retaliation case is a motion to dismiss filed by the Defendant, Prudent Medical Associates, LLC ("Prudent").  (ECF No. 8).  The issues have been fully briefed, and the court now rules, no hearing being necessary.  Local Rule 105.6.  For the following reasons, the motion to dismiss will be denied.

**I.   Factual Background**

The facts outlined here, which are set forth in the complaint, are construed in the light most favorable to the Plaintiff, Stephanie Manzanares.  Ms. Manzanares was hired by Prudent on or about March 4, 2019.  (ECF No. 7, ¶ 7).  Before coming to Prudent, Ms. Manzanares, who is Hispanic, filed an Equal Employment Opportunity Commission ("EEOC") charge against her prior employer, Quality First Urgent Care ("Quality First"), for race and national-origin discrimination.  (*Id*., ¶¶ 2, 9-10).  Sometime after Ms. Manzanares started at Prudent, her former supervisor, Syma Rizvi,

called her new supervisor, Dr. Okonofua, and told her about the EEOC charge. (*Id.*, ¶ 11).

Dr. Okonofua fired Ms. Manzanares on March 25, twenty-one days after she was hired. (ECF No. 7, ¶ 12). Initially, Dr. Okonofua told Ms. Manzanares she was being fired because she "did not want friends working together." (*Id.*). Believing this reason to be false, Ms. Manzanares pressed Dr. Okonofua for the real reason. (*Id.*, ¶ 13). In response, Dr. Okonofua "divulged that [Ms.] Manzanares' previous employer had contacted her and told her that [Ms.] Manzanares had made claims about racism and retaliation and was participating in the complaint process with the EEOC." (*Id.*). During her time at Prudent, Ms. Manzanares did not receive any complaints or formal discipline. (*Id.*, ¶ 12).

## II.   Procedural Background

On March 4, 2021, Ms. Manzanares filed suit in the Circuit Court for Montgomery County. (ECF Nos. 1, at 1; 3, at 7). Prudent removed the case to this court on August 31, the same day it allegedly received service, and filed a motion to dismiss on September 21. (ECF Nos. 1, ¶ 4; 2). Ms. Manzanares filed an amended complaint on October 17 asserting one claim for employment retaliation under 42 U.S.C. § 1981. (ECF No. 7). Prudent's initial motion to dismiss was denied was moot. (ECF No. 9). On October 25, it filed the pending motion to dismiss for failure to

state a claim.  (ECF No. 8).  Ms. Manzanares opposed and Prudent replied.  (ECF Nos. 10; 11)

### III. Standard of Review

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  "[T]he district court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in plaintiff's favor."  *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021).  A plaintiff's complaint need only satisfy the standard of Fed.R.Civ.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  A Rule 8(a)(2) "showing" still requires more than "a blanket assertion[] of entitlement to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007), or "a formulaic recitation of the elements of a cause of action[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Mays*, 992 F.3d at 299-300 (quoting *Iqbal*, 556 U.S. at 663).

### IV. Employment Retaliation

"[T]o determine what the plaintiff must plausibly allege at the outset of a lawsuit, we usually ask what [elements] the plaintiff must prove in the trial at its end."  *Comcast Corp. v.*

*Nat'l Ass'n of African American-Owned Media*, 140 S.Ct. 1009, 1014 (2020).  At this stage, Title VII and Section 1981 share the same pertinent pleading standards for retaliation claims.  *Boyer-Liberto v. Fontainbleau Corp.*, 786 F.3d 264, 281 & n.5 (4th Cir. 2015).  To plead such claims successfully, a plaintiff must allege "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action."  *See Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (discussing Title VII summary judgment requirements).  Prudent argues that the complaint failed to allege protected activity or a casual connection.

    A.    **Protected Activity**

There are two categories of protected activity: participation and opposition.  *Netter v. Barnes*, 908 F.3d 932, 937 (4th Cir. 2018) (Title VII).  Participation includes "(1) making a charge; (2) testifying; (3) assisting; or (4) participating in any manner in an investigation, proceeding, or hearing[.]"  *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998).  Unlike opposition, participation is provided "absolute protection" against employment retaliation.  *Netter*, 908 F.3d at 937.  An employee only needs to allege that she filed a charge of discrimination to support the inference that she engaged in a protected activity.  *See id.*

4

Ms. Manzanares did just that. She alleges that she filed an EEOC charge based on race and national origin discrimination. (ECF No. 7, ¶ 10). Because participation activity has "absolute protection," Ms. Manzanares need not plead where or when the EEOC charge was filed, or what it alleged. Nor does it matter that Ms. Manzanares filed the charge against a prior employer, before she began work for Prudent. Section 1981 prohibits retaliation for protected activity, without qualification. *See Lyon v. Bell Atl. Corp.*, No. 99-cv-3631-JFM, 2001 WL 826580, at *3 n.7 (D.Md. July 19, 2001) (noting that employers cannot "retaliat[e] against an employee because of a previous discrimination lawsuit" (citing *Christopher v. Stouder Mem'l Hosp.*, 936 F.2d 870, 879 (6th Cir. 1991) (upholding claim for retaliation based on suit against prior employer))).

B.  **Causation**

Causation can be pleaded through direct statements of retaliatory intent and temporal proximity between the protected activity and the adverse event. *See, e.g.*, *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 253 (4th Cir. 2015) (Title VII summary judgment). A employer must know of protected activity to take an adverse action because of it. *See Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 124 (4th Cir. 2021) (Title VII summary judgment).

5

Ms. Manzanares easily pleads causation. She alleges that Dr. Okonofua admitted when pressed that she fired Ms. Manzanares because she was told by Quality First that Ms. Manzanares had filed an EEOC charge against it. (ECF No. 7, ¶ 13). In addition, Dr. Okonofua terminated Ms. Manzanares within twenty-one days of receiving the phone call, if not sooner. (*Id.*, ¶¶ 7, 12).

## V.   Conclusion

For the foregoing reasons, Prudent's motion to dismiss will be denied. A separate order will follow.

                                                                      /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge